1

2   MICHAEL S. BIGGS (SBN 237640)
    BIGGS LAW OFFICE A.P.C.
3   1050 Northgate Drive, Suite 510
    San Rafael, CA  94903
4   Telephone: (415) 789-5823
    Email: michaelbiggs@biggslawoffice-apc.com
5

6   Attorney for Plaintiff
    Joseph Michael Simoni
7

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12                                          | Case No.

13   **JOSEPH MICHAEL SIMONI,**              | **COMPLAINT FOR DAMAGES**
            **PLAINTIFF,**
14            **v.**                         | **FIRST CAUSE OF ACTION**
     **POLICE CHIEF BRIAN ADDINGTON,**       | **[42 U.S.C. § 1983 —FIRST AMENDMENT]**
15   **CITY OF PITTSBURG, RAQUEL**
     **CURRAN, CASSANDRA SIMENTHAL,**        | **SECOND CAUSE OF ACTION**
16   **G. SIMPSON, D. BUCK, DOMINIC**        | **[42 U.S.C. § 1983 —FOURTH**
     **GONZALES, SAHAR BARKZI, GERALD**      | **AMENDMENT]**
17   **LOMBARDI, HARRY TAYLAY, AND**
     **DOES 1-25, INCLUSIVE.**               | **THIRD CAUSE OF ACTION**
18            **DEFENDANTS.**                | **[42 U.S.C. § 1983— SUPERVISORY**
                                              | **LIABILITY AGAINST POLICE CHIEF**
19                                            | **BRIAN ADDINGTON]**

20

21                                           | **FOURTH CAUSE OF ACTION**
22                                           | **[42 U. S .C. § 1983— FAILURE TO**
                                              | **DISCIPLINE, POLICIES/CUSTOMS,**
23                                            | **DELIBERATE INDIFFERENCE AGAINST**
                                              | **THE CITY OF PITTSBURG]**
24

25                                           | **FIFTH CAUSE OF ACTION**
26                                           | **[42 U.S.C. §1983-RATIFICATION**
                                              | **AGAINST THE CITY OF PITTSBURG]**
27

28                                           | *J URY T RIAL DEMAND*

                                      1
Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

COMES NOW PLAINTIFF, Joseph Michael Simoni who complains of Defendants, and each of them, and alleges as follows:

**JURISDICTION & VENUE**

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.      The claims alleged herein arose in the County of Contra Costa in the State of California.

3.      Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b)(2).

**PARTIES**

4.      Plaintiff Joseph Michael Simoni (hereinafter "Mr. Simoni" or "Plaintiff") is a resident of Contra Costa County, California.

5.      Defendant City of Pittsburg is a public entity situated in the State of California and organized under the laws of the State of California.

6.      At all relevant times, Defendant Police Chief Brian Addington was an appointed official employed by the City of Pittsburg.

7.      At all relevant times, Defendant Raquel Curran (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

8.      At all relevant times, Defendant Cassandra Simenthal (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

9.      At all relevant times, Defendant G. Simpson (or collectively referred to as "Officers" or "Defendants") was a Police and employee of the City of Pittsburg.

10.      At all relevant times, Defendant D. Buck (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

11.   At all relevant times, Defendant Dominic Gonzales (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

12.   At all relevant times, Defendant Sahar Barkzi (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

13.   At all relevant times, Defendant Gerald Lombardi (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

14.   At all relevant times, Defendant Harry Taylay (or collectively referred to as "Officers" or "Defendants") was a Police Officer and employee of the City of Pittsburg.

15.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 25 inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

16.   In doing the acts and/or omissions alleged herein, the Defendants, including DOES 1 through 25, acted in concert with each of said other Defendants herein.

17.   At all times during the incident, the Defendants acted under color of state law in the course and scope of their duties as agents and employees of the City of Pittsburg. Defendant Police Officers conduct was authorized, encouraged, condoned and ratified by Police Chief Addington and the City of Pittsburg.

## STATEMENT OF FACTS

18.   On Monday, May 30, 2016, late in the evening at about 11:45 p.m. Mr. Simoni was at his home at 555 N. Parkside Drive Pittsburg California. Mr. Simoni's neighbor (Mr. Nash) had accosted him about the radio playing in his truck as Mr. Simoni loaded some things into it. The

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

neighbor was irate and unreasonable toward Mr. Simoni even though Mr. Simoni turned the music down.

19.     Officer Raquel Curran (Officer Curran) was dispatched to the scene for a neighbor verbal dispute over load music and her information was that there was a physical dispute. But while she was in route she claims that she was advised by dispatch that both subjects were separated and no longer in a physical altercation.

20.     Once Officer Curran arrived at the scene she was joined by Officer Buck and Officer Simpson. The three officers stood in front of Mr. Simoni's house as Mr. Simoni stood on his front porch. Mr. Simoni told the officers that the neighbor had punched him on the head and pointed to the neighbor's house. At the same time the neighbor Mr. Nash came out of his house and began to argue with Mr. Simoni right in front of the three Officers.

21.     Officer Curran claims that she walked over to Mr. Simoni to stop a "verbal argument" between Mr. Simoni and Mr. Nash. Officer Curran in an aggressive manner asked Mr. Simoni for his identification and Mr. Simoni who happened to be standing inside of his property said no. Officer Curran persisted in demanding Mr. Simoni's identification. In doing so Officer Curran escalated her aggressive manner.

22.     Officer Curran while visibly angry that Mr. Simoni said that he would not show her his identification then claims (after demanding to see Mr. Simoni's identification) that she noticed a knife inside a sheath on his right side of his waistband.

23.     Having contacted Mr. Simoni several minutes previously all the while the legal knife in plain view, Officer Curran while angry and having escalated her anger in reaction to Mr. Simoni's refusal to produce his identification than decided that she would "retrieve the knife".

24.    Officer Curran reported that she then advised Officer Gonzales of the knife and then told Mr. Simoni that she was going to retrieve the knife. But Mr. Simoni alleges that she abruptly began hysterically shouting "he's got a knife" which struck Mr. Simoni as odd as another officer had mentioned the knife previously. Mr. Simoni was inside of his own property. The knife was not illegal and had been in plain view to the Officers for some time.

25.    Officer Curran reported that she then grabbed Mr. Simoni as she wanted to gain control of him to remove the knife.

26.    Officer Curran reported that she felt that she had not gained the control over Mr. Simoni that she had sought and then raised her flashlight striking Mr. Simoni on the upper body area approximately three times.

27.    After all that Officer Curran reported that she had become concerned that Mr. Simoni might pull his knife out and stepped back.

28.    Meanwhile Officer Lombardi drew his taser but did not deploy the taser.

29.    Officer Curran reported that Officer Gonzales then removed the knife from Mr. Simoni's waistband.

30.    Officer Lombardi then deployed his taser twice tazing Mr. Simoni. On and about the same time of tazing Mr. Simoni, Officer Gonzales, Officer Buck, and Officer Lombardi used force to batter Mr. Simoni with knee strikes and elbow strikes.

31.    Mr. Simone was then placed under arrest under the crime classification "Threatening an Executive Officer (F)".

32.    Officer Lombardi transported Mr. Simoni to the hospital for treatment.

33.    At all time during the incident Mr. Simoni's physical movement was hindered as he had knee braces on each of his legs and suffered a physical handicap.

5

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

34. Mr. Simoni suffered severe physical and emotional trauma at the hands of the Officers.

35. Shortly after the incident on information and belief in June 2016, the Pittsburg Police Department forwarded the Contra Costa District Attorney's Office a request for the filing of a complaint or criminal charges against Mr. Simoni.

36. On information and belief shortly after receiving the request from the Pittsburg Police Department, the Contra Costa District Attorney's Office dropped the charges against Mr. Simoni.

37. In early December 2016 Mr. Simoni filed a California Claims Act request with the City of Pittsburg asking for renumeration of his damages for the harm caused by the Officers.

38. Shortly after Mr. Simoni's California Claims Act request for renumeration for damages was received by the City of Pittsburg, on December 21, 2016 the Contra Costa County District Attorney Office re-filed criminal charges stemming from the incident against Mr. Simoni which are currently pending trial.

## STATEMENT OF DAMAGES

39. As a result of the acts and/or omissions alleged herein, Plaintiff suffered general damages including pain, fear, anxiety, and humiliation in an amount according to proof.

40. Plaintiff sustained serious physical injuries and has also incurred and may continue to incur medical treatment and related expenses in amounts to be determined according to proof.

41. The acts and omissions of the individual Defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff.

42. Plaintiff therefore prays for an award of punitive and exemplary damages against these individual Defendants in an amount according to proof.

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

43.     Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## [42 U.S.C. § 1983 —FIRST AMENDMENT]

44.     Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

45.     Plaintiff complained to Officer Raquel Curran that she subjected himself to police abuse and misconduct.

46.     As a result of his protests he was attacked and seriously injured.

47.     Such complaints by Plaintiff involve matters of public concern and are protected by the First Amendment to the United States Constitution.

48.     Defendant Officers retaliated against Plaintiff for his complaint.

WHEREFORE, Plaintiff also prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
## [42 U.S.C. § 1983 —FOURTH AMENDMENT]

49.     Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

50.     Defendants violated the Plaintiffs clearly-established right to be free from the intentional and unreasonable use of excessive force as guaranteed by the Fourth Amendment to the United States Constitution.

51.     An objectively reasonable officer would have known that the use of force upon the Plaintiff was excessive and could cause serious injury.

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

52.     Defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the Plaintiff's rights. Defendants' misconduct was the moving force that caused Plaintiffs injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### [42 U.S.C. § 1983— SUPERVISORY LIABILITY AGAINST POLICE CHIEF BRIAN ADDINGTON]

53.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

54.      Plaintiff enjoys the right to be free from excessive force under the Fourth Amendment and of the United States Constitution as against supervisors of law-enforcement officers. The Defendant Officers had a history of violence and excessive force, prior to May 2016, that was known to Chief Addington.

55.     The failure to properly supervise and discipline the Officers, and other officers, was a moving force behind the brutal and violent attack on Mr. Simoni.

56.     Based on the failure to discipline Officers, for excessive force Defendant Officers were encouraged and authorized to use excessive force knowing there would never be discipline or other administrative consequences.

57.     Plaintiff alleges on information and belief that Defendant Chief Addington encouraged and condoned this misconduct by never disciplining officers for the systemic use of excessive force.

58.     Accordingly, Chief Addington acquiesced in Plaintiff's constitutional deprivations under Fourth Amendment, and, showed a reckless or callous indifference to the rights of others.

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

59.     Defendant acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the Plaintiff's rights. Defendants' misconduct was the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**[42 U. S .C. § 1983— FAILURE TO DISCIPLINE, POLICIES/CUSTOMS, DELIBERATE INDIFFERENCE AGAINST THE CITY OF PITTSBURG]**

60.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

61.     The acts or omissions alleged herein regarding the use of excessive force was, upon information and belief, caused by (1) the failure to discipline the Defendant Officers by Chief Addington and the City of Pittsburg and/or (2) official policies, practices or customs of Chief Addington and the City of Pittsburg regarding the use of force; and/or (3) the deliberate indifference of Chief Addington and the City of Pittsburg to the use of excessive force.

62.     Plaintiff alleges on information and belief that the City of Pittsburg and Chief Addington knew or should have known that their acts and omissions would likely result in a violation of the Fourth Amendment right to be free from excessive force.

63.     Upon information and belief, the alleged acts and omissions were the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**[42 U.S.C. §1983-RATIFICATION**
**AGAINST THE CITY OF PITTSBURG]**

64.     Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

Complaint for Damages
Simoni vs. Police Chief Brian Addington et al

65.     The acts or omissions alleged herein regarding the use of excessive force, upon information and belief, were ratified by Defendant Chief Addington. He had final policymaking authority for the City of Pittsburg concerning the acts of the Defendant Officers.

66.     Plaintiff alleges on information and belief that he knew of and specifically approved of the Defendant Officers 's acts which violated Plaintiff's Fourth Amendment right to be free from excessive force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1.     For compensatory and economic damages according to proof;

2.     For general damages according to proof;

3.     For an award of exemplary or punitive damages against the individual Defendants;

4.     For an award of attorney's fees and costs as permitted by law; and

5.     For such other and further relief as the Court may deem necessary and appropriate.

JURY TRIAL DEMANDED

Plaintiff hereby requests a jury trial on all issues so triable.

**DATED:  May 30, 2018**                                    **BIGGS LAW OFFICE A.P.C.**

By: /s/ *Michael S. Biggs*

Michael S. Biggs
Attorney for Joseph Michael Simoni

10